**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

JOHNNY DIAZ-MORLA,

    Petitioner,

       v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO. 01-1398 (PG)
[Cr. No. 96-296 (PG)]

## OPINION AND ORDER

Before the Court is the Magistrate Judge's Report and
Recommendation regarding the instant 28 U.S.C. § 2255 petition.
(Docket Nos. 13 and 14, filed April 14 and 29, 2002)  Upon review of
the Report and Recommendation (id.), petitioner's objections thereto
(Docket Nos. 17, 19 and 21), the applicable law, and the record of
the case, for the reasons set forth hereunder, the Report and
Recommendation is **APPROVED AND ADOPTED**.  Accordingly, petitioner's
motion is **DENIED**.

## I. BACKGROUND

Petitioner was among others indicted on October 23, 1996 on
charges including possession with the intent to distribute
approximately 1,040 kilograms of cocaine while on the high seas.
Following an eleven-day jury trial, a guilty verdict was returned
against defendant.  At sentencing, it was determined that
petitioner's total offense level was 38, and that his Criminal
History Category was I, resulting in a sentencing guidelines range
of 235 to 293 months imprisonment.  The Court imposed a sentence of
293 months imprisonment, with an 8-year supervised release term and
a special assessment of $100.  Petitioner's conviction and sentence
were affirmed on appeal.

The present motion under 28 U.S.C. § 2255 was timely filed on April 3, 1998, alleging ineffective assistance of counsel, citing counsel's failures to (1) advise as to whether to plead guilty (2) request the suppression of the co-defendants' statements; (3) present exculpatory evidence; (4) object to inadmissible evidence; (5) advise petitioner regarding whether he should testify; (6) object to jury instructions; and (7) request severance.  Petitioner further alleged that counsel should have raised an Apprendi claim on appeal.  He also argued that 21 U.S.C. § 841 is unconstitutional.  (Docket Nos. 1 and 10)

The government responded that summary dismissal was appropriate because petitioner's ineffective assistance claims were underdeveloped and meritless, and because the First Circuit determined that Apprendi is retroactively inapplicable.  (Docket No. 6)  The alleged unconstitutionality of 21 U.S.C. § 841 was not addressed.

The matter was referred to U.S. Magistrate Judge Antonio Castellanos for a Report and Recommendation.  The Magistrate Judge parsed the record, concluding that petitioner's boilerplate assessments of ineffectiveness were unavailing.  He further recommended that the Apprendi claim be dismissed in light of binding First Circuit authority.  The 21 U.S.C. § 841 claim was found ineffectual, and in any case gratuitous because petitioner was not charged under that statute.

Petitioner filed several objections, submitting that the Magistrate Judge's recommendation on the ineffective assistance claim was based solely on the Magistrate Judge's improper predilection for counsel's competing affidavit.  He claimed that there was a disputed issue of fact as to the quality of the representation and that the Magistrate Judge should have instead ordered an evidentiary hearing. Petitioner also argued that the Magistrate Judge erred by finding Apprendi inapplicable, and that even if it was not, he should have

been sentenced to the "default" of 20 years because he raised a colorable challenge to the amount of cocaine.  He later supplemented his objections to request that the Court consider the effect of Blakely v. Washington, 124 S.Ct. 2531 (2004), on his conviction. (Docket No. 21)  The government has not filed a response.

## II. DISCUSSION

Following the issuance of a Report and Recommendation, the Court reviews *de novo* the matters delimited by timely and appropriately specific objections.  See 28 U.S.C. § 636(b) (2004), Fed. R. Civ. P. 72(b) (2004), and Local Rule 72(d) (2004); see also Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) ("Appellant was entitled to a de novo review by the district court of the [Magistrate's] recommendations to which he objected, however he was not entitled to a de novo review of an argument never raised.") (citation omitted); Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999).  The Court thereafter "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  Id.

Having reviewed petitioner's objections, the Court finds them meritless.  To begin, the objection that the Magistrate Judge improperly relied on counsel's affidavit is unfounded.  First, there is no mention of the affidavit in the Magistrate Judge's Report and Recommendation, and the reasons underpinning the Magistrate Judge's conclusions neither mirror nor resemble the content of the affidavit.[1]

---

[1] The affidavit states that the ineffective assistance claim came as a surprise to counsel, because (1) there are witnesses to counsel's discussion of the government's plea offer with petitioner; (2) petitioner was present when his co-defendants' attorneys informed him that his co-defendants had decided not to testify; (3) counsel discussed the grounds for appeal with petitioner; (4) counsel flew to visit petitioner in prison to discuss the grounds for appeal and other matters; and (5) less than three months before petitioner filed the ineffective assistance claim, he had sent counsel by certified mail "a painting of his authorship, as a sort of 'thank you' gift due to the work that we performed ... and the interest that we had demonstrated in his case."  (Docket No. 6, Attach. 1)

Second, the Magistrate Judge found that petitioner's over-generalized claims of ineffectiveness were belied by the record, undertaking an independent review thereof.   And third, the Magistrate Judge correctly reasoned that in light of the standard for ineffectiveness set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), "the record is devoid of any showing of ineffectiveness."  (Docket No. 13 at 5)

To succeed on an ineffective assistance of counsel claim, petitioner "has the burden of showing (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different."  <u>Smullen v. U.S.</u>, 94 F.3d 20, 23 (1st Cir. 1996).  In applying this test, first announced in <u>Strickland</u>, "judicial scrutiny of counsel's performance should be highly deferential."  <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000).  Hence, there is a "strong presumption that counsel's performance falls within the wide range of reasonable professional assistance."  <u>Strickland</u>, 466 U.S. at 687.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  <u>Id.</u> at 689.  As a corollary, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  <u>Id.</u> (internal quotations and citation omitted).

Having reviewed the record, the Court agrees with the Magistrate Judge that petitioner has failed to make out a claim of ineffective assistance.  It is clear that petitioner was zealously represented and that a vigorous defense was developed for the jury's consideration.  As the First Circuit determined on appeal, "defendants were able to effectively present their 'wrong boat' defense....  The fact that the jury chose not to subscribe to this

theory of the case does not mean that defendants were precluded from effectively presenting it." <u>U.S. v. Rosario-Peralta</u>, 199 F.3d 552, 568 (1st Cir. 1999).  Petitioner's laundry list of textbook errors does not place counsel's performance beneath the objective standard of reasonableness, and neither can this Court conclude that the end result would have differed but for the alleged errors.  The objections to the Magistrate Judge's recommendations on the ineffectiveness claim are therefore **OVERRULED**.

As for petitioner's objection to the Magistrate Judge's denial of a hearing, the Court finds no error.  The burden is on petitioner to show his entitlement to relief under section 2255, <u>David v. U.S.</u>, 134 F.3d 470, 474 (1st Cir. 1998), including his entitlement to an evidentiary hearing.  <u>Cody v. U.S.</u>, 249 F.3d 47, 54 (1st Cir. 2001)(citation omitted).  On that score, it has been held that an evidentiary hearing is not necessary if the 2255 Motion is inadequate on its face, or if, even though facially adequate, it is conclusively refuted as to the alleged facts by the files and records of the case. <u>U.S. v. McGill</u>, 11 F.3d 223, 226 (1st Cir. 193).  Even assuming that petitioner's litany of errors was facially adequate, as the Magistrate Judge reasoned, the record of the case belies petitioner's claims of ineffectiveness.  The objection regarding the denial of a hearing is hence also **OVERRULED**.

Considering petitioner's <u>Apprendi</u> claims, the Court can only summarily dismiss them.  In <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  However, petitioner was tried and sentenced well before the <u>Apprendi</u> ruling. At this point, there is binding First Circuit authority that <u>Apprendi</u> is not applicable retroactively on collateral review.  See Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir. 2003).  Moreover, even if

<u>Apprendi</u> did apply, petitioner's sentence of 293 months is within the statutory range providing for a term of imprisonment of not less than 10 years and a possible maximum of life imprisonment, applicable in cases charging illegal transactions involving 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine. <u>See</u> 46 U.S.C.App. § 1903; 21 U.S.C. § 960; <u>see also</u> <u>U.S. v. Marino</u>, 277 F.3d 11, 38 (1st Cir. 2002) (determining that <u>Apprendi</u> does not apply to cases in which a guideline finding does not increase the sentence beyond the statutory maximum).

Petitioner's argument that he should have been sentenced to the statutory default of 20 years also fails.  There is indeed a statutory default of 20 years found in 21 U.S.C. § 960(b)(3) (which applies to detectable, but otherwise unquantified, amounts of cocaine base).  See United States v. Reynaldo Barnes, 244 F.3d 172, 177 (1st Cir. 2001).  However, that default is inapplicable in this case.  The evidence adduced at trial sufficed to prove beyond a reasonable doubt that petitioner had in his possession roughly 1,040 kilograms of cocaine.  <u>See</u> <u>U.S. v. Rosario-Peralta</u>, 175 F.3d 48, 52 (1st Cir. 1999).  That amount is well above the 5 kilograms required to trigger the statutory range between 10 years and life imprisonment, within which he was sentenced.  <u>See</u> 46 U.S.C.App. § 1903; 21 U.S.C. § 960. Furthermore, even if the alleged error had come to pass, it is harmless where, as here, the evidence overwhelmingly establishes the minimum drug quantity needed to justify a higher statutory maximum.[2] <u>Sustache-Rivera v. United States</u>, 221 F.3d 8, 17-18 (1st Cir. 2000). Accordingly, this objection is also **OVERRULED**.

---

[2] Neither does petitioner's heavy reliance on <u>U.S. v. Bailey</u>, 270 F.3d 83, 89 (1st Cir. 2001), shore up his argument.  <u>Bailey</u> held that failure to submit the question of drug quantity to the jury was not harmless in the absence of overwhelming evidence of quantity.  <u>Id.</u>  However, <u>Bailey</u> was an <u>Apprendi</u> case, and there, the question of quantity was not clear even on a preponderance standard. By contrast here, "[t]he record amply supports a finding that defendants possessed the cocaine in question beyond a reasonable doubt."  <u>Rosario-Peralta</u>, 175 F.3d at 52.

Civil No. 01-1398 (PG)                                                    Page 7

    Finally, petitioner requested that the Court consider the effect
of Blakely v. Washington, 124 S.Ct. 2531 (2004), on his sentence.
(Docket No. 21)   Blakely prohibited upward guidelines adjustments
based on judicial fact finding.   Blakely, 124 S.Ct. at 2531.
However, the First Circuit has held that petitions under 28 U.S.C. §
2255 are unavailable to advance Blakely claims in the absence of a
Supreme Court decision rendering Blakely retroactive.   Cuevas v.
Derosa, 386 F.3d 367, 367 (1st Cir. 2004).   Therefore, this avenue of
relief is currently closed to petitioner.


                          **III. CONCLUSION**

    Petitioner's objections being **OVERRULED,** The Magistrate's Report
and Recommendation is hereby **APPROVED AND ADOPTED,** and petitioner's
motion for relief under 28 U.S.C. § 2255 is **DENIED.**   Judgment shall
issue dismissing this case with prejudice.

    **IT IS SO ORDERED.**


    In San Juan, Puerto Rico, July 26, 2005.




                              S/ JUAN M. PÉREZ-GIMÉNEZ
                              JUAN M. PÉREZ-GIMÉNEZ
                              UNITED STATES DISTRICT JUDGE